## WARNER VS. THE BOARD OF SUPERVISORS OF OUTAGAMIE COUNTY.

A sale of lands at a tax sale for five per cent. more than the taxes and charges for which, by law, they are liable to be sold, is *void*.

The adoption by a county board of supervisors of the report of a committee advising the *rejection* of an account against the county presented to the board, is a *disallowance* of the account within the meaning of sec. 40, ch. 13, R. S.

Under sec. 27, ch. 22, Laws of 1859, a party claiming from the county repayment of moneys paid for void tax certificates and deeds is required to present the instruments *to be delivered and cancelled on payment to him of the money;* but is not required, prior to such payment, to cancel them himself, or to leave them with the board, or other county officers, to be cancelled.

Where a claim against a county for moneys paid for void tax certificates and deeds, rejected by the county board, has been taken by appeal to the circuit court, and thence to this court, an objection that the instruments were not tendered at the trial in the circuit court, cancelled or to be cancelled, cannot be heard with favor here if not taken at the circuit.

Whether, where tax deeds good upon their face, made upon void sales, have been recorded, and the lands have remained unoccupied for three years after such recording, the grantee is entitled to repayment from the county, is not decided here, the record not showing that such facts existed in this case.

If the county would avoid repayment of moneys paid it on a void tax sale, on the ground that the claimant, since receiving his deed, has alienated the lands, it must show that fact.

APPEAL from the County Court for *Outagamie* County.

The case is stated by the court. The circuit judge refused to give the jury the following instructions asked by he defendant: "1st. If you find from the evidence that all the proceedings were regular up to the time of the sale, the county treasurer had authority to sell the lands in question. 2d. Payment of the bid by the purchaser is subsequent to and no part of the sale: and the county treasurer could have sued the purchaser therefor on his refusal or neglect to pay the same, and could have recovered the same and ten per cent. damages. 3d. The sale was not, nor could it have been invalidated by any act of the county treasurer subsequent thereto. 4th. If you find the county treasurer received through error, miscalculation, mistake or ignorance, five per cent. more than the taxes,

interest and charges on said lands as his fees or otherwise, that act of itself does not invalidate the sale. 5th. The five per cent. excess paid by the purchaser does not enter into the terms of the sale and was no part of the bid, but was paid in excess thereof." He then instructed the jury as follows: "That the charging against the lands described in the tax deeds issued to the plaintiff by the county treasurer, of five per cent. as his fees, in addition to all legal taxes, interest and charges, and including the said five per cent. in the certificates of sale, was unauthorized and unlawful, and was sufficient to invalidate the sales in question and impose upon the county the liability to refund the money and the interest thereon."

Verdict and judgment for the plaintiff; and the defendant appealed.

*S. R. Cotton* and *Em. B. Clark*, for appellant: ·

1. The claim of the plaintiff was not *disallowed* by the board. R. S., ch. 13, sec. 40. 2. Sec. 27, ch. 22, Laws of 1859, requires the county board to refund *upon the re-delivery of the deed to be cancelled.* The deeds were never re-delivered to the board. 3. The plaintiff did not offer in the circuit court to cancel his deeds. On most of them the statute of limitations had then run. He holds the lands, and claims judgment against the county for what he paid for them. Again, he has never offered a release. That cannot be obtained merely by a cancellation of the deed (for the deed conveyed the fee), but only by deed of release duly executed. *Parker v. Kane*, 4 Wis., 12. 4. When the plaintiff bought the certificates, he knew, or was bound to know, the price he was required by law to pay for them. If he paid more, it was a voluntary payment, and cannot be recovered back. 5. The circuit court erred in refusing the instructions asked. As to the fourth instruction refused, counsel cited *Weeks v. The City of Milwaukee*, 10 Wis., 264 ; *Mills v. Gleason*, 11 Wis., 497.

*W. S. Warner*, in person, to the point that the sale was invalid, cited *Dean v. City of Madison*, 9 Wis., 402 ; *Knowlton v.*

*Sup'rs Rock Co.*, id., 410; *Lumsden v. Cross*, 10 id., 282; *Her-sey v. Sup'rs Mil. Co.*, 16 id., 185; Blackwell on Tax Titles (2d ed.), 159–163.

*By the Court*, DOWNER, J.    The respondent presented to the appellant an account or claim for moneys paid at tax sales for tax certificates, and for deeds on some of them, and record-ing the same, and interest on the sums paid, and asked that the amounts so paid, with interest, might be refunded to him, for the reason that the sales were void.    The board of supervi-sors appointed a special committee to investigate and report upon this claim.    The committee reported advising the board of supervisors to reject the account.    The board adopted the report, and *Warner* took his appeal to the circuit court, where a trial was had, which resulted in a verdict and judgment in favor of *Warner*, from which the board of supervisors has ap-pealed to this court.

On the trial in the circuit court the following admission was made :  " The defendant admits as testimony in this action, that the county treasurer received of the purchaser or plaint-iff, as payment for his bid at the tax sales at which the lands in question were sold for taxes, five per cent. over and above all taxes, charges and interest properly belonging thereon, and that said five per cent. was included in the amount specifi-ed in the tax certificates issued on such sales."    We have de-cided at the present term in the case of *Kimball v. Ballard*, [ante, p. 601] that such tax sales are void.    The first error al-leged by the defendant is, that the plaintiff's account has not been " disallowed" by the board, within the meaning of section 40, chap. 13, R. S.    We think, however, that the report of the committee advising the *rejection* of the account, and the adop-tion of that report by the board, was a disallowance by the board.

The next error alleged is, that the deeds executed on the tax certificates to *Warner* had not been by him *re-delivered to*

*be cancelled*, according to the provisions of sec. 27, ch. 22, Laws of 1859. *Warner* testified: "I presented the claim in dispute to the county board, January 12th, 1863. I also presented tax certificates and deeds to be cancelled." It appears to us that all he was required to do, to entitle him to the repayment of the money and interest, was to present the deeds and certificates for delivery and cancellation on the payment to him of the money. The payment of the money and the redelivery of the deeds, according to the provisions of sec. 27, should be simultaneous acts. He was not obliged to leave the deeds for cancellation, or to cancel them, unless he obtained the money. But it is urged by the appellant that he should have brought the deeds into the circuit court and tendered them there at the trial, and cancelled them or offered to cancel them, otherwise he was not entitled to recover. There are no pleadings in cases of appeal from the board of supervisors. The account or claim presented stands as a complaint, and yet the plaintiff must prove it. The complaint cannot, as in other cases, be taken as true if not denied by answer. If the parties had made up an issue in form, it might depend upon the pleadings whether or not the deeds should have been brought into the circuit court. As far as the record shows, this objection is *first* raised in this court; and on that account cannot be looked upon with favor. If it had been made in the court below at the trial, the plaintiff might easily have brought the deeds into court for cancellation on the payment of the judgment recovered.

We are of the opinion that all the plaintiff was required to do after tender of the deeds, was to have them ready on payment of the money and a *demand* therefor by the defendant.

It is contended that the record shows that a large part of the lands conveyed by the tax deeds are wild or unoccupied lands; that each deed is regular on its face; and that under the decisions of this court (three years having elapsed since the recording of the deeds or some of them), the title of the plaint

iff to the lands or some of them may be perfect; also that he may already have sold and conveyed the lands or some of them. The answer to this is, that the record does not satisfactorily show that any of the lands are wild or unoccupied; and if they are, or the plaintiff has conveyed any of them, it was for the defendant to make proof thereof, and there is no such proof. We see no error of which the appellant can complain.

The judgment of the circuit court is affirmed.