### TARBOX VS. SUPERVISORS OF ADAMS COUNTY.

CLAIM AGAINST COUNTY ON VOID TAX CERTIFICATES.   (1) *When statute of limitations begins to run on such claim.*   (2, 5) *How bar of the statute must be claimed.*
PLEADINGS: (3, 4) *On disallowancé of such claim by supervisors.*

1. In case of a claim against a county for moneys paid on void tax certifi. cates, *quære* whether the *statute of limitations* begins to run as soon as the certificates are issued, or not until the claim is presented to the board of supervisors.
2. An objection founded upon the statute of limitations can only be taken by *answer*. Tay. Stats., 1622, sec. 1.
3. In case of an appeal to the circuit court from the disallowance of a claim by the county supervisors, the *verified claim* or account presented to the board is to be treated as the *complaint*, and the order or vote of the board, disallowing it, as the *answer*.
4. *It seems* that the court may, in such cases, at its discretion, permit more formal pleadings to be filed.
5. But, in the absence of such more formal pleadings, if the "answer" of the board, as above defined, does not set up the statute of limitations as a ground of disallowance of the claim, that defense is *waived*.

APPEAL from·the Circuit Court for *Adams* County.
.   The plaintiff, being the owner of  certain void tax certificates on lands in Adams county, presented to the board of supervisors of that county her account. or claim, duly verified, for the sums paid  for such certificates at the tax sales, and in-

terest thereon. The board disallowed her claim, and she appealed therefrom to the circuit court. That court held that the claim was barred by the statute of limitations, more than six years having elapsed after the tax sales before it was presented to the board of supervisors; and judgment was rendered against the plaintiff for costs; from which she appealed to this court.

*Otis B. Lapham*, for appellant, argued that the statute of limitations did not begin to run until the right to bring the action was complete, which was not until the claim was presented for allowance. The statute begins to run from the period when the creditor could have begun his action, because it is then only that the reason of the limitation begins to operate. If a bill be payable at sight, the six years begin on presentation and demand. 2 Parsons on Con., 370. If a demand be necessary to sustain an action, the statute begins to run only after the demand. Id., 371. Sec. 42, ch. 13, R. S., provides that no action shall be maintained against a county, upon any claim or demand other than a county order, until such claim shall first have been presented to the county board of supervisors for allowance. This presentation is absolutely necessary before his claim can grow into a complete right of action. *Savage v. Supervisors*, 10 Wis., 53.

*S. W. Pierce*, District Attorney, *contra*, contended that the statute of limitation began to run when the obligation and liability to repay accrued, and that was at the time the money was paid. *Baxter v. The State*, 17 Wis., 588. The presentation to the county board is a mere condition imposed to save the county from unnecessary costs, and not a proceeding made necessary to fix the liability of the county. It is the first step on the part of the claimant to recover his claim in the manner prescribed by law. The county board, in deciding upon the claim, act judicially. Their determination is in the nature of a judgment, from which an appeal lies to the circuit court. If this position be correct, then the rule laid down in *Hutchinson*

*v. `The Board of Supervisors of Sheboygan Co.*, 26 Wis., 402, applies, and is decisive of this case.

LYON, J.   Unless the claim of the plaintiff against the county is barred by the statute of limitations, there can be no doubt of the liability of the county to pay it.   Without determining whether the statute commenced to run on the claim as soon as the tax certificates were issued, or not until the claim was presented to the board of supervisors (a question by no means free from difficulty), we proceed at once to consider whether the statute is available to the county as a defense to this claim.

In *Barden v. The Board of Supervisors of Columbia County*, 33 Wis., 445, which was an action or proceeding like this, we held that the defense of the statute of limitations was not available, because the objection that the action was not commenced within the time limited by the statute was not taken by answer, as required by the statute.   Tay. Stats., 1622, § 1, (R. S., ch. 138. sec. 1).   If that decision was correct, it is decisive of this action ; and a majority of the members of the court are of the opinion that it is correct.

It may be said that in appeals of this character there are no pleadings, and hence that no answer, stating such defense, can be interposed.   Were this true, it would seem to follow that claims against counties which can only be asserted in this way, are not within the limitation of the statute.   The language of the statute is :   " The objection that the action was not commenced within the time limited, can only be taken by answer." We find no exception in favor of actions of this class, and we have no right to interpolate such exception into the statute. But it is not conceded that there are no pleadings in cases of this kind.   Whenever there is submitted to a court for adjudication a proposition of fact or of law which is affirmed by one party and denied by the other, no matter how the issue is made,

whether orally or in writing, whether formally or informally, the affirmation by one party and the denial by the other constitute pleadings, such affirmation being in substance and effect a declaration or complaint, and such denial a plea or answer.

In this case the verified claim or account presented to the board of supervisors contains all of the essential requisites of a complaint in a civil action, and fulfills all of the functions of a complaint; and the order or vote of the board disallowing such claim is nothing less than a general denial of the liability of the county to pay the same. Employing those terms, then, not in a technical but in a liberal sense, there is here a *complaint* and an *answer;* and this court has held that the latter term is used in the statute of limitations in its more enlarged and liberal sense. *Howell v. Howell*, 15 Wis., 55. The order or vote of the board disallowing the claim being an answer within the meaning of the statute, and the objection not being taken thereby that the action was not brought within the time limited by law therefor, it necessarily follows that the defense of the statute of limitations is not available to the county in this action. See *Dudley v. Stiles*, 32 Wis., 372.

It is quite probable that the court has the inherent power in such cases, in its discretion, to order or permit formal pleadings to be filed. This might be done advantageously in some cases. But no such practice has been resorted to in this case.

The judgment of the circuit court must be reversed, and the cause remanded with directions to render judgment for the plaintiff for the amount of her claim as proved on the trial, and interest thereon.

Dixon, C. J. I know not what was said in *Barden v. The Board of Supervisors of Columbia County*, about answering the statute of limitations. My recollection is, that it did not appear by the record in that case, that any answer or objection of the kind, either *orally* or *in writing*, was made or taken in the circuit court; and if it was not, then it is obvious it could not

have been made or taken for the first time in this court, and that the statute did not stand in the way of a judgment for the plaintiff here, or of the affirmance of the judgment which he had obtained, with no such defense interposed, at the circuit. But here the objection was taken by answer in the court below, and the judgment appealed from turned on the very point that the demand of the plaintiff was barred by the statute. I say that objection was taken by answer, and sufficiently taken; and in proof of it I refer to the words of the statute cited in the opinion of my brethren, and to the definition there given of pleadings, or what constitutes a complaint and answer. My brethren say: "Whenever there is submitted to a court for adjudication, a proposition of fact or of law which is affirmed by one party and denied by the other, no matter how the issue is made, whether *orally* or *in writing*, whether formally or informally, the affirmation by one party and the denial by the other *constitute pleadings*, such affirmation being in substance and effect a *declaration or complaint*, and such denial *a plea or answer*."

Now when it is established that an answer may be *oral*, and it is also seen that the statute does not require the objection to be taken by answer *in writing*, I would like to know, upon the reasoning of my brethren, why the objection was not well taken by answer here? My brethren say they "cannot interpolate an exception into the statute," to which I agree, and I put the question if they have not *interpolated* the words "in writing" into the statute, contrary to the very canon of construction by which they profess to be governed? The statute *does not require* the answer to be *in writing*, except of course where written pleadings are otherwise required by law, which is the case in most actions instituted in courts of record, but not in this action. "There are no pleadings in cases of appeal from the board of supervisors." *Warner v. Supervisors of Outagamie County*, 19 Wis., 611, 614. By this was intended what my brethren say, that is, no formal written pleadings, but only *oral*

ones. And this is the mistake which it seems to me the majority of the court have made; they have interpreted the statute as if the words " in writing " were found in it, when it contains no such words. They have interpolated when they themselves say the court has no right to interpolate. They have assumed legislative power, and enacted, against the statute, how the answer of limitation shall be made in this particular class of cases. The statute, as it now is, is exactly adapted to all kinds of pleadings, formal and informal, oral as well as written. We must presume it was purposely so drawn and enacted. In justices' courts, where the pleadings may in all cases be oral (R. S., ch. 120, sec. 46, subd. 2: 2 Tay. Stats., 1362, § 51), an oral answer that the action was not commenced within the time limited, is good. In this case, where there are no written pleadings, but only oral statements and denials, demands and defenses, before the board of supervisors, and on appeal before the circuit court, a like oral answer is good. In actions where written pleadings are required, the answer in writing must of course contain a written statement of the objection, or the objection will not be well taken. These conclusions seem very plain to my mind from the premises assumed and admitted by my associates. It does not follow, therefore, that the statute of limitations cannot be interposed in these actions, because there is no provision that pleadings in them shall be in writing. It may be orally pleaded where the pleadings are oral.

And I understand that this very question was decided in *Hutchinson v. The Board of Supervisors of Sheboygan Co.*, 26 Wis., 402. It was by that case, I have no doubt, that the learned circuit judge was governed in his decision of this. The objection was there *orally* taken, and yet it was considered that the defense was properly interposed, and this court examined and disposed of it in that light. My remembrance is, that we were all of opinion that the objection was sufficiently taken, though nothing was said about it in the opinion. It was not a point that attracted more than passing attention in the consultation room,

and so was omitted in the written discussions as too obvious to require comment. It is equally obvious to me now.

The certificates of sale were void in their inception for the reason stated by the circuit judge in his findings of fact and conclusions of law; and I agree with him that the cause of action accrued as soon as the moneys were paid at the sales, and that no demand was necessary to create the liability or obligation to refund.

I think the judgment appealed from should be affirmed.

*By the Court.* — Judgment reversed, and cause remanded with directions to the circuit court to render judgment in favor of the plaintiff for the amount of her claim proved on the trial, with interest thereon.