## BAKER VS. SUPERVISORS OF COLUMBIA COUNTY.

TAX CERTIFICATES: STATUTE OF LIMITATIONS. *(1) When statute may be pleaded by supervisors, on appeal from their decision. (2) Tax certificates void when cost of revenue stamps included. (3, 4) When statute begins to run as to actions on certificates.*

1. Where a claim against a county, barred by the statute of limitations, was rejected by the supervisors without any statement of the grounds of rejection, there was no abuse of discretion in permitting the supervisors to file an answer setting up the statute, on an appeal to the circuit court from their decision.
2. Tax certificates *held* void because the cost of revenue stamps thereon was included in the amount for which the land was sold.
3. An action on tax certificates issued May 10, 1864, *held* to have been barred at the expiration of six years years from that time, by ch. 112, Laws of 1867. A remark in *Wolff v. Supervisors*, 29 Wis., 79, overruled.
4. Even under secs. 26, 27, ch. 22 of 1859, the period of limitation would begin to run from the discovery of any *fact* rendering the sale invalid, and would not be suspended by mere *error of law*. But the acts of 1867 and 1868 fixed the bar at six years from the "*date of sale.*"

APPEAL from the Circuit Court for *Columbia* County.

*Baker* filed with the county clerk his claim to recover from the county, under ch. 22, Laws of 1859, the amount of certain tax certificates, alleged to be void because each had attached to it a five-cent internal revenue stamp, the cost of which was included in the amount for which the lands were sold. The claim was disallowed by the board of supervisors, but the grounds of such disallowance were not expressed in writing. On appeal to the circuit court, the county, upon leave asked on the first day of the next term, was there allowed to file a formal answer, pleading the statute of limitations in bar of the action. An affidavit of plaintiff's attorney, read in opposition to the motion for leave to file such answer, stated that the board had not rejected the claim because barred by the statute. Upon the trial, by the court alone, plaintiff

introduced in evidence tax certificates No. 1145, dated May 10, 1864; No. 1245, dated May 9, 1865; No. 743, dated May 8, 1866; No. 758, dated May 8, 1866; No. 615, dated May 14, 1867; No. 505, dated May 12, 1868. All of the certificates were in the form prescribed by law, and each had a five-cent revenue stamp affixed thereto, and it was admitted that the price of the stamp was included in the amount for which the lands were sold. Certificates Nos. 1145, 758, 615 and 505 showed that the lands therein described were bid off by one Edgerton, and the certificates were duly indorsed by him. Certificate No. 743 showed that the land therein described was bid off by one Clark, and the certificate was duly indorsed by him. Certificate No. 1245 showed that the land therein described was sold to the county, and the certificate was duly indorsed by the county treasurer. The date of assignment of the various certificates did not appear. The court found for the plaintiff, and gave judgment for the amount due upon the certificates, with interest; and from this judgment defendant appealed.

*J. H. Rogers*, district attorney, for appellant:

1. It was not an abuse of discretion for the court to permit appellant to file an answer setting up the statute of limitations, since appellant's counsel used due diligence and availed himself of the first opportunity after the appeal from the board of supervisors. R. S., ch. 125, sec. 38; *Tarbox v. Supervisors*, 34 Wis., 558; *Kennedy v. Waugh*, 23 id., 468; *Johnson v. Eldred*, 13 id., 482. 2. The liability of the county to repay money on an illegal tax certificate accrues at the time the money is paid on such certificate to the county; and unless the holder presents his claim within six years from the date of the certificate, he is barred by the statute of limitations. The presentation of the claim for allowance is the commencement of an action, and the decision of the board disallowing the claim is the answer. *Tarbox v. Supervisors, supra.* If it could possibly be held, under sec. 26, ch. 22, Laws of 1859,

that the statute of limitations did not begin to run until the illegality was discovered, that law has since been repealed by sec. 1, ch. 68, Laws of 1870. This last statute says nothing about "discovery of illegality," and hence sec. 17, ch. 138, R. S., would apply. This, then, so far as tax certificates are concerned, would be a new law of limitation, and would apply to all certificates in existence at the date of the passage of the law of 1870, which still had a reasonable time to run before they would be barred.

*H. W. Lee*, for respondent:

If the circuit court erred in admitting the plea of the statute of limitations, either because it was not supported by any affidavit (*Sweet v. Mitchell*, 19 Wis., 529), or because it was an abuse of discretion, then this court can not review the questions of law raised by such plea. *Fogarty v. Horrigan*, 28 Wis., 142. Plaintiff's claim and statements before the board of supervisors become, in fact, his complaint; and in case of an appeal, there can be no hardship in holding that the county should not be allowed to amend its pleadings and proceedings, any more than an individual suitor, except in furtherance of justice and upon equitable terms. Plaintiff is entitled to know at the earliest moment the grounds upon which his claim is rejected. If such rejection be upon technical grounds merely, he may amend during the sitting of the board; and if the board does not at the proper time and place make known its objections to the claim, it can not afterwards be heard to plaintiff's prejudice. 2. Tax certificates can not be affected by statutes passed subsequent to the sale, and before deeds are issued. The sale is a contract with the purchaser, whose rights "are derived from the contract which the law authorized to be made." *Robinson v. Howe*, 13 Wis., 347. Any legislative act impairing the obligation of that contract would be within the constitutional prohibition.

Cole, J. The circuit court permitted the county to file an

answer setting up the defense of the statute of limitations; but under the circumstances we do not think there was any abuse of discretion in allowing this to be done. The appeal was from the action of the board disallowing the plaintiff's claim, and it did not appear upon what ground the claim was rejected. It is stated in the affidavit of the attorney for the plaintiff, that the claim was not disallowed by the board because the statute of limitations had run upon it. But still, when the cause was appealed to the circuit court, it was proper enough that the grounds of defense should appear in formal pleadings. *Tarbox v. Supervisors of Adams Co.*, 34 Wis., 558.

Under the decision in *Barden v. Supervisors of Columbia Co.*, 33 Wis., 445, the tax certificates were void for the reason that the cost of the revenue stamp was included in the amount for which the land was sold; and this action, like that, is brought under the provisions of ch. 22, Laws of 1859, to recover back the money paid on these void certificates. The counsel for the county insists that the action is barred by ch. 112, Laws of 1867, and that none of the certificates come within the exception contained in this and the amendatory act of 1868 (ch. 56). In the law of 1867 it is in substance enacted, that no tax deed shall be issued on any tax certificate after six years from the day of sale of the lands for the delinquent tax; and the act further provides that " no action either at law or in equity shall be commenced on such certificate after the expiration of six years from the said day of sale." There is a proviso that the act shall not apply to a certificate owned by any county or municipal corporation, or by their assignee until the expiration of six years from the date of the assignment of the certificate. But so far as certificates Nos. 1145, 743, 758, 615 and 505 are concerned, we cannot see why this act does not bar a recovery upon them. This action is one at law brought directly upon the certificates, and comes within the very terms of the act. The oldest cer-

tificate is dated May 10, 1864, and there was, therefore, more than two years for the party to bring his action after the law took effect. This was certainly a reasonable time for enforcing the right before the bar of the statute would run. The law is well settled, that a right of action already accrued may be barred, providing a reasonable time be given after the passage of the act for a party to prosecute. *Parker v. Kane,* 4 Wis., 12; *Von Baumbach v. Bade,* 9 id., 559; *Smith v. Packard,* 12 id., 371; *Howell v. Howell,* 15 id., 55; *Mecklem v. Blake,* 22 id., 495. In the opinion in the case of *State ex rel. Wolff v. The Board of Supervisors of Sheboygan Co.,* 29 Wis., 79, the remark is made that the acts of 1867 and 1868 do not profess or attempt to limit the liability of the county to refund moneys due upon defective tax certificates, to six years. This was not the real question upon which the case was decided, and in drawing up the opinion I overlooked the second clause of the section, assuming that the only object of the act was to limit the time for issuing tax deeds upon tax certificates. But further examination satisfies me that this is not the only object and intent of the act, but that it extends to an action against the county to recover money paid on invalid tax certificates, unless the case falls within one of the provisos. I therefore fully agree with my brethren that the remark made in the *Wolff case,* above referred to, is misleading, incorrect and should be overruled.

It appears that the land embraced in tax certificate No. 1245 was bid in by the county; but whether the certificate was assigned six years before the commencement of the action, the evidence does not disclose. We cannot, therefore, determine whether that certificate comes within the saving clause of the act.

In attempting to sustain the plaintiff's right to recover under secs. 26 and 27, ch. 22, *supra,* it was insisted that the statute of limitations did not begin to run until the error in the tax proceedings, or the invalidity in the certificate or tax

deed, was "*discovered*." But the language in both the law of 1867 and that of 1868 is clear and positive that the action shall be barred "*after the expiration of six years from the said day of sale*." But were it otherwise, and did the case rest wholly upon the construction to be given secs. 26 and 27, we should be compelled to hold that they refer to a "discovery" of some error or mistake of fact, not to a mistake or error of law. In the case of *Hutchinson v. The Board of Supervisors of Sheboygan Co.*, 26 Wis., 402, the question was, whether the grantee in a tax deed had such clear and positive information or knowledge of a fact as to set the statute running. The majority of the court held that the information or notice which he received upon the subject of the payment of the tax did not amount to such a "*discovery*" or knowledge of the fact as would set the statute running against him. And that decision accords with our present view, that these sections have reference to "*discovery*" of some matter of fact, and not of law, which renders the tax, or sale, void.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for further proceedings.