HYDE, Administrator, vs. THE SUPERVISORS OF KENOSHA
COUNTY.

MONEYS PAID ON INVALID TAX CERTIFICATES:   COUNTY BOARDS.   *(1)*
    *What constitutes refusal by county board to act upon claim.   (2) How*
    *tax certificate transferable.   (3) Ch. 112 of 1867: limitation of actions*
    *on tax certificates previously issued.   (4) Limitation of actions on tax*
    *certificates on sales of 1870.   (5) Special contract of county board on*
    *tax sale.*
PLEADING.   *(6) When complaint good on general demurrer.   (7) How stat-*
    *ute of limitations to be pleaded.   (8) Averment that plaintiff owns in*
    *representative capacity.*

1.  Where a claim against a county was presented to the supervisors at the
    opening of their meeting in January, and they (declining to take any other
    action at that meeting in regard to it) referred it to a committee, with
    instructions to report thereon at their next annual meeting in November
    following, this was equivalent to a disallowance of the claim, or a refusal
    or neglect to act upon it within a reasonable time, within the meaning
    of the statute (Tay. Stats., 303, § 57).
2.  Under sec. 54, ch. 22, Laws of 1859 (Tay. Stats., 440, § 171), a tax certi-
    ficate might be transferred by delivery with an assignment in blank.
3.  As ch. 112, Laws of 1867, did not take effect until January 1, 1868, it gave
    reasonable opportunity to all persons having causes of action against
    counties on invalid tax certificates at the time of its passage, to bring suit
    thereon, and was valid to create a bar on the day first above named, as
    to all certificates issued prior to 1862.
4.  In the case of an invalid sale of land for taxes in 1870, the purchaser, or
    his assignee of the certificate, might bring an action against the county
    at any time within six years from the date of the sale.
5.  A *special contract* by the county board of supervisors at the time of tax
    sales, with the purchasers or their assigns, to refund on demand the
    moneys paid on such sales, with interest, if, through the failure of the
    officers to comply with the law in the tax proceedings, the certificates
    should be void, or an agreement to secure to such purchasers or their
    assigns a perfect title in fee simple to the lands — would be in excess of
    the authority conferred by law on the supervisors, and of no effect.
6.  Where a demurrer is to the entire complaint for insufficiency of facts, it
    must be overruled if the complaint states one good cause of action.
7.  Whether, where it appears from the complaint that the statute of limita-
    tions has run upon the cause of action, the defendant can avail himself
    of the statute by demurring to the complaint for insufficiency of the facts,

VOL. XLIII. — 9

discussed by COLE, J., and in a separate opinion by RYAN, C. J., but not determined in this action. *Howell v. Howell,* 15 Wis., 55, as to the effect of a demurrer in such a case, examined.

8. Where plaintiff sues as administrator, an averment in the complaint that a tax certificate counted upon is " now lawfully possessed and owned by said administrator and plaintiff," is a sufficient averment that he claims to own it in his representative capacity.

APPEAL from the Circuit Court for *Kenosha* County.

Plaintiff, as administrator *de bonis non* of David Hyde, deceased, brought this action March 17, 1875, to recover of the county of Kenosha the several amounts paid by himself and his intestate for fifty-nine tax certificates and sundry redemptions from subsequent taxes. The complaint alleges that David Hyde died June 22, 1862, and that plaintiff was appointed administrator *de bonis non* August 11, 1868. It then describes the certificates, which were in the usual form, the first fifty-six of them bearing dates from 1854 to 1858; another being dated September 2, 1862; another May 9, 1865; another May 10, 1870. It then alleges, in substance, that, at the time of the tax sales, defendant agreed to refund to the purchasers or their assigns the sums of money named in the certificates, with interest at seven per cent., in case it should be found that anything had been omitted, by reason of which said certificates should be invalid, and also agreed to give and secure to said purchasers, their heirs or assigns, a perfect title in fee simple to the lands described in the certificates, at the expiration of the time for redemption; that, at different times stated, the administrator of said estate and the plaintiff had been compelled to pay to the clerk of the board of supervisors certain sums of money to redeem from or prevent a sale of said lands; that there were various specified irregularities in said sales, among others, that each included a charge of five per cent. over the amounts lawfully assessed; that the county treasurer failed to give the notices required by law, and to make proof of the publication of such notices; that the first

fifty-six certificates were issued to or assigned by the purchasers to said decedent between 1854 and 1858, and the plaintiff as administrator became and now is the lawful possessor and owner thereof; that the last three tax certificates were transferred by the purchasers to said administrator as follows: two of them August 11, 1868, and one, May 10, 1870; and that "said three certificates then severally became and are now lawfully possessed and owned by said administrator;" that none of said negligences of the county treasurer was discovered or known to the plaintiff or his decedent until April 1, 1874; that on or about January 4, 1875, plaintiff demanded payment of said sums and interest, and then tendered said certificates to the county treasurer and county board of supervisors for cancellation, which tender was refused; that on or about the day last mentioned, he presented his claim, duly verified, to said county board, which referred it "to a committee with instructions to report at the next annual meeting of the board, and thereupon refused to allow the said claim and to take any further action thereon;" and that the same has not been paid.

Defendant demurred to the complaint as not stating a cause of action, and afterwards obtained leave to amend by setting up, as an additional ground of demurrer, that the alleged causes of action did not accrue within six years before the commencement of this action.

From an order sustaining the demurrer, plaintiff appealed.

*Nathan B. Hyde*, appellant, in person:

1. Rule 6 adopted and recorded by the judge of the first judicial circuit, June 1, 1859, and still in force, is as follows: "A party demurring to any pleading for any cause, particularly on the ground that such pleading 'does not state facts sufficient,' etc., shall *specify and particularly point out the objections* to the pleading and the reasons for such demurrer, or his demurrer *shall be disregarded.*" This rule was adopted after the code, and does not conflict with it. R. S., ch. 125,

secs. 5, 6, and ch. 119, sec. 2.  Hence, before amendment, the demurrer here could not be regarded.  The amendment, attempting to apprise the plaintiff of the defect relied upon, precludes defendant, by the common-law rule, from urging any other objection to the complaint. · *Williams v. Brunson*, 41 Wis., 418; *Tucker v. Randles*, 2 Mass., 283; *Getty v. Railroad Co.*, 8 How. Pr., 183; *Nellis v. De Forrest*, 16 Barb., 65. A demurrer for a particular defect admits the sufficiency of the complaint in all other respects.  *Conaughty v. Nichols*, 42 N. Y., 83; *Wall v. Waterworks*, 18 id., 119; *White v. Spencer*, 14 id., 247.  2. The statute of limitations can be taken advantage of only by answer.  R. S., ch. 138, sec. 1; *Lefferts v. Hollister*, 10 How. Pr., 383.  Whether the action was commenced in time, is a question which the statute has left to the jury.  *People v. Arnold*, 4 Coms., 510.  The amended demurrer does not state that it appears from the complaint that the cause of action did not arise within six years before the action was commenced, but asserted it as a matter of fact, in words sufficient to constitute a good general denial.  *Hoffman· v. Eppers*, 41 Wis., 251.  A demurrer and answer at the same time to the same cause of action will not be allowed.  R. S., ch. 125, sec. 4; *Slocum v. Wheeler*, 3 Code Rep., 59; *S. C.*, 4 How. Pr., 373; *Spellman v. Weider*, 5 id., 5.  3. The complaint sets out an express contract to pay money upon *discovery* of certain facts, and demand of payment.  The statute, therefore, did not begin to run until the discovery of the irregularities, and demand.  *Payne v. Gardiner*, 29 N. Y., 146; *Lillie v. Hoyt*, 5 Hill, 398; *People v. Arnold, supra*.  Nor did the county officers exceed their authority in making this contract.  R. S. 1849, 162, secs. 110, 111.  4. Plaintiff was led to suppose by *Bond v. Kenosha*, 17 Wis., 289, where the identical sale of 1858 was called in question, that he had no claim against the county, and only recently was informed of the illegality of the sale.  The limitation does not begin to run until the holder of the certificate has clear knowl-

edge of such illegality. *Norton v. Supervisors,* 13 Wis., 612; *Barden v. Supervisors,* 33 id., 445; *Baker v. Supervisors,* 39 id., 444; *Mead v. Supervisors,* 41 id., 205. 5. When the period of limitation prescribed by an act has already expired, the act will not be held to apply. *Arimond v. G. B. & M. Canal Co.,* 31 Wis., 316. The time fixed by ch. 112 of 1867 had expired as to all the appellant's certificates of sales made previous to 1862, before said act became operative. Statutes of limitation, being in restraint of right, must be strictly construed. *Pease v. Howard,* 14 Johns., 479; 2 Bos. & Pul., 541. 6. The contract provides that a demand of payment shall be made before any liability shall accrue. Whenever a demand is necessary to sustain an action, the statute does not begin to run until after demand made. 2 Parsons on Con., 371; 1 Bouv. Inst., 336; *Merritt v. Todd,* 23 N. Y., 28; *Payne v. Gardiner,* 29 id., 146; 9 Pick., 488; 2 Q. B., 797; *Fenton v. Emblems,* 1 W. Bl., 353; *Muller v. Muller,* 7 Pick., 133; *Shulford v. Borough,* Godb., 437. 7. If a good cause of action is found in any part of the complaint, the demurrer should be overruled. *Freeland v. McCullough,* 1 Denio, 414; *Roberts v. Johannas,* 41 Wis., 616. The cause of action based upon the tax sale made May 10, 1870, is not barred by the statute. 8. As to the question of jurisdiction, counsel cited *Gardiner v. Kellogg,* 14 Wis., 605; 4 Wait's Pr., 230, sec. 4; *Bidwell v. Ins. Co.,* 16 N. Y., 263; *Mussilmon v. Caen,* 34 Barb., 66; *Jones' Case,* 16 Wis., 594; *Wilson v. Mayor,* 15 How. Pr., 500; *Delany v. Brett,* 51 N. Y., 78; *State v. Abram,* 4 Ala., 272. 9. As to the validity of the assignment, and the right of plaintiff to sue, he cited 1 Chitty's Pl. (13th Am. ed.), 106, 203, note 2; 2 Kent's Com., 284, note 1; 1 Bouv. Inst., 925; 1 Smith's L. C. (5th Am. ed.), 140, 170, 179; Buller's N. P., 129; Cowp., 474; 5 D. & E., 130; *Pawlet v. Landgate,* 19 Vt., 621; 2 Mass., 460; 5 Conn., 137; *Foster v. Fox,* 4 W. & S., 92; 18 Ohio, 369; *McKee v. Pope,* 18 B. Mon., 548; *Henderson v. Herrod,* 10 Sm. & M., 631; 4 Wait's

Hyde, Adm'r, vs. The Supervisors of Kenosha County.

Pr., 230; *Murray v. Jayne*, 8 Barb., 612; 15 id., 428; *Suydam v. Jones*, 10 Wend., 180; 2 Denio, 433; 3 Coms., 463; 1 Seld., 369; *Wood v. Lake*, 13 Wis., 84.

*J. V. Quarles*, for respondent:

1. The claim has never been presented to the county board for allowance, within the meaning of sec. 42, ch. 13, R. S. It is for a large amount, and includes sixty-five causes of action, involving intricate questions, which required patient investigation and legal advice. Under the circumstances, it does not appear that the board failed to act promptly. The court below had no jurisdiction. *Supervisors v. Supervisors*, 13 Wis., 494; *Warner v. Supervisors*, 19 id., 613; *Eaton v. Supervisors*, 40 id., 672. 2. All the certificates except one, and all claims for subsequent taxes paid and redeemed, are barred by the statute. This fact appears on the face of the complaint, and advantage may be taken of it by demurrer. Tay. Stats., 444, § 182, and 462, § 252; R. S., ch. 138, sec. 17; *Howell v. Howell*, 15 Wis., 55; *Orton v. Noonan*, 25 id., 675; *Baker v. Supervisors*, 39 id., 448; *Eaton v. Supervisors*, 40 id., 668; *Baxter v. The State*, 17 id., 589; *Tarbox v. Supervisors*, 34 id., 564. 3. As to the certificate of 1870, no cause of action is shown by the plaintiff in his representative capacity, as it does not appear that this certificate was purchased with any funds of the estate of David Hyde, or has ever belonged to that estate. Moreover, neither plaintiff nor his intestate bought this certificate of the county; that portion of sec. 26, ch. 22, Laws of 1859, under which this action could be brought by an assignee, was eliminated by ch. 68, Laws of 1870, which went into effect March 19, 1870, before that certificate was issued; and, in the absence of a statute, no cause of action accrued by a naked assignment. *Norton v. Supervisors*, 13 Wis., 613; *Barden v. Supervisors*, 33 id., 445; 1 Chitty's Pl., 354; *Jones v. Carter*, 8 Q. B., 134; 2 Chitty on Con. (11th Am. ed.), 900 et seq.; *Ela v. Express Co.*, 29 Wis., 617; *Pierce v. Crafts*, 12 Johns., 93; *Hall v.*

*Marston*, 17 Mass., 579. 4. The special express contract set up in the complaint was *ultra vires*. R. S., ch. 13; Dillon on M. C., p. 374, § 381.

COLE, J. The objection that the claim had never been presented to the county board for allowance, and that therefore the action was prematurely commenced, upon the facts stated, cannot prevail. The complaint alleges that the claim was presented to the board at the opening of the January session, 1875; and that the board referred it to a committee with instructions to report thereon at the next annual meeting in November following, and declined to take any further action in respect to it. This, under the circumstances, must be regarded as equivalent to a disallowance of the claim. It certainly was a refusal or neglect to act upon it, within a reasonable time, within the meaning of the statute.

Another ground of demurrer taken is, that the several causes of action set out in the complaint did not accrue within six years next preceding the bringing of the action. In *Howell v. Howell*, 15 Wis., 55, it was held that the defendant might avail himself of the statute of limitations on demurrer to the complaint, where it appeared on the face of the complaint itself that the statute had run. If the doctrine of that case is to be adhered to, it is decisive of all but one cause of action stated in the complaint. *Baker v. The Supervisors of Columbia County*, 39 Wis., 444; *Eaton v. The Supervisors of Manitowoc County*, 40 id., 668. Whatever may have been my views originally as to its correctness, since the rule in the Howell case has been acted upon, or at least recognized, in the subsequent cases of *Orton v. Noonan*, 25 Wis., 672; *Tarbox v. The Supervisors of Adams County*, 34 id., 558, possibly in other cases, and relates merely to a question of practice, I am disposed to abide by it, and say that the objection that the action is barred may be taken by demurrer.

But it was claimed by the plaintiff that chapter 112, Laws

of 1867, could not apply to certificates on sales made previous to 1862, as the limitation in respect to them had expired. But this act did not take effect until January, 1868, and did not attempt to cut off at once all remedy on these certificates. An opportunity was given the plaintiff before the limitation expired, to bring his action, and therefore the bar would apply. *Mecklem v. Blake*, 22 Wis., 495; *Arimond v. G. B. & Miss. Canal Co.*, 31 id., 316.

This action was commenced the 17th day of March, 1875, and in respect to certificate No. 46, which was issued upon a sale made in 1870, the statute had not run. The demurrer was to the entire complaint, and it is evident that if there was one good cause of action stated, it should have been overruled. Certificate No. 46 was executed May 10, 1870, to one T. B. Hyde, and afterwards assigned in blank to plaintiff. A question was made on the argument as to the validity of such an assignment, but the statute plainly authorizes it. Sec. 54, ch. 22, Laws of 1859. It was also objected that it did not appear that this certificate belonged to the plaintiff in his representative capacity; but this is a mistake. It is alleged that it is " now lawfully possessed and owned by said administrator and plaintiff."

But it is further said that this action is founded upon the provisions of chapter 22 above cited, and that an assignment in blank does not transfer to the holder the right to recover the amount paid by the original purchaser on the tax sale. It is true, section 26 was materially amended by chapter 68, Laws of 1870; but section 27 of the same act has been in force since the revision of 1849. (Section 111, ch. 15, R. S. 1849; section 154, ch. 18, R. S. 1858.) That section provides that " if, after the conveyance of any lands sold for taxes, it shall be discovered that the sale was invalid, the county board of supervisors shall cause the money paid therefor on the sale, and all subsequent taxes and charges paid thereon by the purchaser *or his assigns*, to be refunded, with interest on the whole amount at

the rate of seven per cent. per annum, upon the redelivery of the deed to be canceled." It is true, this provision imposes the liability upon the county to refund after conveyance, but it would seem, for a stronger reason, that liability rested upon it before conveyance. For it would be unreasonable to hold that the assignee must be at the trouble and expense of obtaining a deed before his right to recover the money paid by the purchaser, and subsequent taxes and charges, would be perfect. Such a construction of the law is quite inadmissible; and we must therefore hold that the assignment of the certificate carried with it the right to the assignee to recover the amount paid by the original purchaser. It will be observed that the law makes it the duty of the county treasurer, if he shall "discover" before sale that, on account of any irrregularity in the assessment, or for any other error, any land ought not to be sold, not to offer it. This has been held to refer to, and include, a case where there was a discovery of some error or mistake of fact, but not of law, made by the holder of the tax certificate, or grantee in the tax deed (*Hutchinson v. The Board of Supervisors*, 26 Wis., 402; *Baker v. Supervisors, supra*); and the liability of the county to refund, under such circumstances, has been enforced. See *Stocks v. The City of Sheboygan*, 42 id., 315; *Marsh v. The Supervisors of St. Croix County*, id., 355. But the question as to when the statute commences to run on the claim, under the law of 1859, is of little importance since the enactment of chapter 112, Laws of 1867, and chapter 56, Laws of 1868.

As to each cause of action set forth in the complaint, it is alleged that the defendant, at the time of the tax sales, promised and agreed to and with the purchasers of the tax certificates, and their assigns, to refund, on demand, the moneys paid thereon, with interest, if, through the neglect or failure of the officers to comply with the law in the various tax proceedings, the certificates should become void; and also agreed

to secure to such purchasers, or their assigns, a perfect title in fee simple to the lands described in such certificates.    We quite agree with the counsel for the defendant, that any such special contract would be in excess of the authority conferred upon the board by statute, and would not bind the county. The powers of the board are clearly defined in chapter 13, R. S., and manifestly do not include the authority to make such a contract.    But, for the reasons already given, the order of the circuit court must be reversed, and the cause remanded for further proceedings.

RYAN, C. J.    As held in the opinion of the court, the objection that the statute of limitations has run against the appellant, does not arise on the demurrer.    But I cannot forego the opportunity of protesting against the doctrine that a party can avail himself of a statutory bar by demurrer under the code.    I cannot but think it greatly to be deplored that this court ever held so; and the cases bearing on the question leave me in grave doubt what is to be taken as the present rule.

*Howell v. Howell*, 15 Wis., 55, concedes that the rule was otherwise at common law, though insisting on the rule in equity.    Without stopping to consider how far the latter proposition may be accurate, it is enough to say that the code gives one rule of pleading in law and in equity; and upon this point, I think that the code clearly followed the rule at common law, and was right in doing so.

Section 4, chapter 125, provides that the only pleading of a defendant shall be a demurrer or an answer.    The disjunctive, as used, clearly preserves the common-law distinction between plea and demurrer; the plea being called, in the appetite of the code for new names of old things, an answer. Sections 5 and 6 define specifically the office and frame of a demurrer; sections 9, 10, 11 and 12, the office and frame of an answer.    This emphasizes the disjunctive of section 4. That section clearly provides that demurrer and answer, fol-

lowing the common-law rule of pleading — first issue of law, second issue of fact, — are distinct pleadings, not to be confounded together; and the following sections specifically point out the uses to which each may be put. And yet *Howell v. Howell* overrules section 1, chapter 138, which provides that the bar of the statute of limitations can be raised by answer only, by holding that the word, answer, there means demurrer as well as answer. This strained confusion of demurrer and answer is put chiefly upon the ground that there is confusion elsewhere in the code between the two. That may be so, but will hardly warrant further confusion by judicial construction. Where the point was directly in the mind of the legislature, the distinction between the two is expressly and specifically made and defined.

Section 12, chapter 125, relating to answers, is broad enough, if need were, to cover defenses under the statute of limitations. Section 5, relating to demurrers, appears quite as plainly to exclude it. There are six grounds of demurrer enumerated, which section 6 requires to be distinctly specified. These are: 1, want of jurisdiction; 2, disability of plaintiff; 3, another action pending; 4, defect of parties; 5, misjoinder of actions; or, 6, " that the complaint does not state facts sufficient to constitute a cause of action." It is quite manifest that the statute of limitations, if it can be raised by demurrer by force of the code, must come within the sixth ground; though this is discountenanced in *Howell v. Howell*, where the decision is rested on the fact that the bar of the statute was specially assigned as ground of demurrer. So that it would really seem that it was the pleader, not the code, that worked the change of the common law affirmed in that case, and the repeal by construction of the positive provision of section 1, chapter 138.

I take it that a good cause of action may be a hundred years old. There are many disabilities which suspend the running of the statute. These are not properly to be pleaded

before the bar of the statute, but in reply to it. And when the statute has run, it does not extinguish, but bars only, a right of action. The statute goes upon presumption of payment, or satisfaction, by lapse of time. A recovery went at common law, notwithstanding the lapse of the statutory time, unless the defendant had pleaded the bar of the statute. The obligation remains in force, in *foro conscientiæ*, when it has not been paid or satisfied. The statute may bar it, when the conscience of the party charged does not. It is a matter of conscience with the party to plead the statute or not. Therefore the common law and the code alike leave it justly and wisely to the conscience of the defendant in his plea or answer. And courts are charged with neither duty nor right to usurp the office of his conscience by pleading the statute for him, when he does not plead it for himself. He may demur because he thinks the cause of action never good; and courts are out of their duty when they hold the right of action good, but presume payment or satisfaction, which the party does not.

I understand that the rule of *Howell v. Howell* has been frequently followed *sub silentio*. Upon a hasty examination, I do not find any case in which the question has been again discussed. But I find later cases which appear to me to be in conflict with it. In *Orton v. Noonan*, 25 Wis., 672, it was held, that in ejectment it was error to rule a tax deed barred by the statute, because the objection was not taken by answer. The tax deed could not properly be pleaded in the complaint; and this case seems to hold that the statute of limitations must be pleaded to evidence offered on trial in support of the complaint, while *Howell v. Howell* holds that it need not be pleaded to the complaint itself. With profound deference for the authority of the opinions in the two cases, written by a jurist against whose opinions generally I could not venture to weigh my own, I cannot but think that if the statute must, or can, be pleaded to the plaintiff's evidence of title in eject-

ment, it must *a fortiori* be pleaded to the complaint in every action. There is an intimation in the opinion that in an action *ex contractu*, when the defendant has answered, he can not avail himself of the statute unless he plead it, nor amend his answer on trial to avail himself of it. And the ground is that he would thus be permitted to perpetuate his wrong to the plaintiff. This appears to me to give away the ground of *Howell v. Howell.*

So again in *Heath v. Heath*, 31 Wis., 223, it is held that, upon a trial of an action *ex contractu* in a justice's court, a general objection of the plaintiff to a contract offered in evidence by the defendant, could not be supported by the bar of the statute, because the objection should have specifically assigned it. The reason of the rule appears to me to be in direct conflict with *Howell v. Howell. Barden v. Supervisors*, 33 Wis., 445, and *Tarbox v. Supervisors*, 34 Wis., 558, appear to me also to be in conflict with the rule in *Howell v. Howell.*

I therefore not only dissent from the rule in *Howell v. Howell*, but have grave doubts whether it must not be considered overruled. I have not given the question, in the press of duties here, as close an examination as would be necessary in a case directly involving it. I regard it, however, as sufficiently important for grave consideration. It is not a mere question of practice; It involves a principle which cannot be regarded as of light moment. It involves the virtual repeal of the statute, by judicial construction. And in this connection, I may be permitted to add, that I have reason to believe that the court has never been unanimous for the rule in *Howell v. Howell*, and that none of the present members of the court approve it. It may be that we should all apply to it the maxim, *stare decisis*, holding it better to adhere to the error than to correct it. But the latter I take to be certainly an open question.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded for further proceedings.