COADY, appellant, v. REINS, respondent.

STATUTE OF LIMITATIONS — *malpractice* — *action against physician for damages.*
In this action to recover damages for the unskillful treatment of a fractured arm, the gist of the action is the negligence of the physician, and the statute of limitations begins to run from the time of the alleged negligence.

EVIDENCE — *injury to the person.* In proving the actual injury caused by the unskillful treatment of a patient by a physician, it is competent to show all the facts resulting from the injury, from the time the right of action accrued to the verdict.

STATUTORY CONSTRUCTION — *statute of limitations* — *time enlarged.* The act of the sixth legislature amending "An act concerning limitations," approved February 9, 1865, governs all cases in which the right of action existed at the time of its passage under the first act, approved February 9, 1865, and enlarged the time within which the plaintiff could enforce her remedy from February 28, 1870, when she was barred by the first act, to February 28, 1873.

STATUTORY CONSTRUCTION — *statute of limitations* — *validity of.* The act of the sixth legislature amending the "Act concerning limitations," approved February 9, 1865, relates to the remedy, is prospective in its effects and does not violate any vested rights.

POWER OF COURTS — *cannot legislate* — *limitation.* Courts cannot legislate and exempt parties from the operation of a statute of limitation, if the legislature has not made any exception.

*Appeal from the Third District, Lewis and Clarke County.*

THIS action was heard by the court, WADE, J., in August, 1871, and judgment rendered for Reins on his demurrer to the complaint. The facts are stated in the opinion.

G. G. SYMES and WARREN & SANDERS, for appellant.

This action was limited by the original statute of limitations to two years from the time the cause of action arose. Acts 1865, 467, § 8. This was amended, and the time was extended to five years. Acts 1870, 62.

The statute in force at the time the action was brought governs it. The old law was expressly repealed by the amendment of 1870. The complaint shows continuing damages resulting after the limitation had ceased to bar recovery under the old law in force, when the act from which damages resulted was done.

A plea of the statute of limitations is a plea of the forum,

affects only the remedy, and does not affect the right, unless the time is unreasonably shortened. *Ogden* v. *Saunders*, 12 Wheat. 350; 1 Bouv. Inst. 334; 2 Harrison's Dig. 3737; Ang. on Lim. 63; *Call* v. *Hager*, 8 Mass. 429; *Hayward* v. *Judd*, 4 Minn. 487; Sedgw. on Stat. Law, 659.

The statute is prospective. It applies to all suits brought after its passage, and affects only the remedy. *McCrea* v. *Craig*, 23 Cal. 522. The time when the contract was made, or act done, under which the cause of action arose, is immaterial. *Ross* v. *Duvall*, 13 Pet. 64; *Bank of Alabama* v. *Dalton*, 9 How. (U. S.) 527; *Patterson* v. *Gaines*, 6 id. 602; *Loring* v. *Allen*, 9 Cush. 70.

In actions on the case for negligence the statute of limitations begins to run from the time the consequent damages accrue. Ang. on Lim. 299–319; Starkie on Slander, 473, 474; *Dyster* v. *Battye*, 3 Barn. & Ald. 448; *Fisher* v. *Pond*, 1 Hill, 672.

Where damages continue, only those can be recovered which have accrued within the time of limitation. Ang. on Lim., § 307.

There was no limitation law in force at the time the suit was brought, except the amendment of 1870.

Chumasero & Chadwick, Shober & Lowry, and E. W. Toole & J. K. Toole, for respondent.

The statute of limitations commenced to run from the time the act was done by respondent. Appellant cannot avail himself of the continuando in his complaint. Ang. on Lim., § 141. The statute does not run from the time of the consequent injuries to appellant. *Argall* v. *Bryant*, 1 Sandf. 98.

The statute of 1865 governs the case and not the act of 1870. To give the last act force and application to this cause would give it a retroactive operation. Laws can only attach to future action. They cannot attach to conduct prior to the creation of the law. The act of 1870 was not in existence when the cause of action accrued in this case. The cause of action accrued on February 28, 1868, and, under the law then in force, the suit must be commenced

within two years, by February 28, 1870, or it was barred. Acts 1865, 466, 467, §§ 1, 8 ; Acts 1870, 62.

The complaint was filed April 12, 1871, and the rights of the parties cannot be determined by the act of 1870. *Thompson* v. *Alexander*, 11 Ill. 55. No statute should be so construed as to give it a retrospective operation. *Battles* v. *Forbes*, 18 Pick. 533 ; *Dash* v. *Van Vleeck*, 7 Johns. 477. Statute should not be construed to act on rights already existing. *Johnson* v. *Burrell*, 2 Hill, 238 ; *Woods* v. *Dudley*, 11 Paige, 403.

MURPHY, J. This suit was commenced on the 12th day of April, 1871, by Coady, to recover damages against Rein, for unskillfulness, etc., as a physician and surgeon, in setting and treating her fractured and dislocated arm and elbow, on the 28th day of February, 1868.

On the 11th day of July, 1871, the defendant filed a demurrer to the amended complaint, setting forth as the grounds thereof : 1. That the action was barred by the statute of limitation ; and, 2. That the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was sustained and judgment for costs rendered against the plaintiff by the court below, from which she has appealed to this court.

But the only question necessary for us to consider in this connection is, is the action barred by the statute of limitation ?

There have been but two acts regarding limitations passed in the Territory, in February, 1865, and January, 1870, respectively.

The latter amended section 8 of the former, embracing actions of this nature, and repealed all former acts in conflict therewith.

By the former, actions of this character were limited to two years from the time the cause thereof accrued ; by the latter, to five years.

Now the question is, which act is to govern in this case. But, when did the right of action accrue ? let us first inquire.

The gist of the action in this instance is the negligence and unskillfulness, or breach of duty as laid in the complaint, and not the injury or damage consequent thereon.

If such action were commenced immediately upon a person becoming chargeable in such a case, it is probably true that no more than nominal damages could be recovered, yet it is clear that proof of actual damages may extend to and embrace facts occurring and growing out of the injury, even up to the verdict itself.

But the statute in cases of this nature begins to run, regardless of the form of action, whether case or assumpsit, from the time of the negligence or breach of duty.

And in this case, under the act in force at the time of said negligence or breach of duty, it must be held to have commenced to run from the said 28th day of February, 1868.

And since it is true that, at the commencement of this action, the time limited under the act in force when the cause thereof accrued, had expired, it is insisted by respondent that that fact is conclusive of this case, and therefore the suit is barred.

But it must be borne in mind that said act had been repealed before said time, as limited under it, had expired, and before the action was barred. And, also, that another and new act, extending and enlarging the time within which such actions could be commenced and prosecuted, had gone into full force and effect, while the right of action still existed under the old and original act. And as the statute of limitations applies only to the remedy, the subsequent act would have the effect, on coming into operation, to take up and carry forward for the length of time thus provided all the then valid subsisting causes of action.

And it is also contended by respondent that to apply said last act to the case at bar would give it a retroactive or retrospective operation.

But would such be the effect in this instance?

It would doubtless be retroactive when applied to suits having been begun and pending when it was passed or took effect. But in this case no action had been begun or was

pending when it went into operation; only the right of action was in existence at that time.

And is it retrospective in its character?

The very words are, "an action upon an account or other contract, obligation or liability not grounded upon an instrument of writing, *shall* be commenced within five years." It is plain that it relates only to the remedy, and is prospective in every sense.

And it seems to have been the uniform practice of legislatures, and that, too, without any well-grounded objection, in enacting statutes of limitations, to make them apply as well to causes of action which have already accrued, as those which may thereafter accrue, if sufficient time be allowed between the time the act takes effect and the period fixed for the limitations, to afford a full and ample opportunity to all persons having such causes of action, to commence their suits. See *Loring, Judge, etc.,* v. *Alline,* 9 Cush. 68.

And by the operation of the subsequent act, in its application to this case, we see that the right of action is neither extinguished nor the time within which suit must be brought to enforce it unreasonably shortened, but is expressly extended and enlarged.

Of course it could not be construed to apply to causes of action which have accrued more than five years previous, to the time limited in said act, without a violation of vested rights.

But in this case, about two years only having elapsed, no vested rights under the act are in any manner interfered with.

And the fact must not be overlooked, that the act in question makes no exception of this class of cases.

The legislature, therefore, having made no exception from the operation of its provisions, of parties suing under such circumstances, the courts, of course, can make none. Such action by the courts would be legislating, would be unwarranted, beyond their province, and be error. See *Bank of Alabama* v. *Dalton,* 9 How. 528, 529, and cases cited.

The statute, then, that must determine the right of the plaintiff to bring this action, is the one in force when the same was brought.    See *Patterson* v. *Gaines,* 6 How. 601, etc.

And as the time under the statute in force (January, 1870) when this action was commenced had not expired, it was and is not barred, and the court below committed error in sustaining the demurrer aforesaid on that ground.

The judgment of the court below is reversed and the cause remanded.

*Exceptions sustained.*