OBERREICH, Respondent, vs. FOND DU LAC COUNTY and others, Appellants.

*April 9 — April 28, 1885.*

*Tax certificate — Cancellation by county board — Limitation.*

Under ch. 112, Laws of 1867, as amended by ch. 56, Laws of 1868, the time within which an action could be commenced against a county to recover the amount paid for a tax certificate issued upon a void sale, and also the time within which the county board might cancel such certificate, refund the money, and reassess the amount upon the property originally charged therewith, was limited to six years from the date of the tax sale, except in the special cases mentioned in those statutes. But ch. 144, Laws of 1874, extended such time to six years from the time when a deed became due upon the certificate; and this last-mentioned act applied to certificates theretofore as well as to those thereafter issued.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is stated in the opinion.

For the appellants there was a brief by *Spence & Hiner,* and oral argument by *Mr. Spence.*

*Edw. S. Bragg,* for the respondent.

TAYLOR, J. This action was brought to set aside a tax sale made for a reassessed tax of 1870. The sale was made in May, 1880, and the action was commenced more than a year after the sale and date of the certificate. The defendants set up the statute of limitation of one year, prescribed

Oberreich vs. Fond du Lac County and others.

by sec. 3, ch. 309, Laws of 1880. The facts are the same as those presented in the two preceding cases (*Ruggles v. Fond du Lac Co. ante*, p. 205, and *Marco v. Spence, ante*, p. 212), the only different feature being the fact that in this case the plaintiff bought the property in controversy on the 6th day of February, 1878, and paid full value for it, and at the time of his purchase the tax certificate issued upon the tax sale in May, 1871, for the unpaid taxes of 1870 was outstanding and uncanceled in the hands of the purchaser at the sale of 1871.

It was claimed by the learned counsel for the respondent that more than six years having elapsed since such tax sale, and no tax deed having been issued thereon, the property was completely relieved from that tax, and it was no longer a lien thereon; and that so far as he or any other owner of the property was concerned, the taxes of 1870 on said lot must be deemed fully paid and satisfied, and consequently there was an entire absence of power on the part of the county board or city authorities to reassess that tax, or any part of it, on said lot; and the learned circuit judge, taking that view of the case, held that the statute of limitations did not apply to the case, and granted the relief prayed for in the complaint.

If, when the plaintiff purchased the lot in question, the holder of the tax certificate on the sale of 1871 had lost all claim to take a tax deed of the lot, and all claim to have his money refunded to him by the county in case it was shown such tax sale was void, and consequently the county board had no authority to refund the purchase money to the holder of the certificate, and reassess the money so refunded against the same lot in 1879, the attempt to do so on the part of the county board and city authorities would be mere acts of usurpation and all these proceedings absolutely void so as to be incurable by the statute of limitations, we do not feel called upon to decide in this case.

We think the learned circuit judge erred in deciding that the holder of the tax certificate on the sale of 1871 had lost his right to have his money refunded to him by the county upon proof that the certificate and sale were void at the time the plaintiff purchased the lot, or at the time the tax certificate was canceled by the county board in November, 1878, although he had then lost his right to a tax deed upon such certificate.

The contention of the learned counsel for the respondent is that under the provisions of ch. 112, Laws of 1867, as amended by ch. 56, Laws of 1868, the holder of the certificate upon the sale had not only lost his right to take a tax deed upon the certificate, but also the right to have his money refunded by the county board; and we should agree with him, if these statutes control, as to his right to have his money refunded. We think his right to take a tax deed on the certificate was lost by his delay by virtue of these statutes; but we are of the opinion that he had not then lost his right to have his money refunded by the county board, if the certificate was canceled because void for irregularities in the tax proceedings. Ch. 144, Laws of 1874, must, we think, govern his right to maintain an action against the county for the money paid on the tax sale, if it turned out that the sale was void. Sec. 1 of this chapter reads as follows: "No action brought to recover any sum of money on any defective or irregular title, tax certificate, or tax deed, made or issued by any county or city, shall be maintained in any court against such county or city unless such action shall be commenced within six years from the time when a deed would have been due upon such tax certificate, according to the terms thereof: *provided that any such action may be brought within one year after this act shall take effect:* provided further, that whenever an action relating to the validity of any tax deed shall have been commenced within six years from the maturity of the certificate upon

which such deed was based, and final decision shall not be rendered until after the expiration of the time limited by this act, then and in such case action may be commenced at any time within one year after such decision declaring said tax deed void."

Although there were some intimations made in some of the earlier decisions of this court that the acts of 1867 and 1868 did not necessarily limit the time within which the county board might lawfully cancel a tax certificate issued upon an irregular and void sale, yet it is now well settled that these statutes were intended, not only to limit the time within which actions can be brought to compel the payment by the county to the certificate holder the money paid therefor, but they constitute a limit upon the action of the board of supervisors in canceling the certificates without suit, and charging the taxes back upon the lands by way of reassessment. Although that point has not been expressly decided, it would seem to follow from the decisions made. See *Baker v. Supervisors*, 39 Wis. 444; *State ex rel. Wolff v. Supervisors*, 29 Wis. 79; *Hutchinson v. Supervisors*, 26 Wis. 402; *Eaton v. Manitowoc Co.* 40 Wis. 668; *Hyde v. Kenosha Co.* 43 Wis. 129. And that the same construction should be given to ch. 144, Laws of 1874, there can be no reasonable doubt. It is said by the learned counsel for the respondent that this act of 1874 was probably enacted by the legislature in entire ignorance of the existence of ch. 112, Laws of 1867, amended by ch. 56, Laws of 1868, and he urges that as a reason for construing the statute as not intending to extend the limitation upon tax certificates or tax sales made before the enactment of the law of 1874.

We do not think we would be justified in attributing such ignorance to the legislature of 1874. We find nothing in the act itself indicating it; on the contrary, we are led to believe that the legislature enacted the statute of 1874 to

cure a supposed defect in the acts of 1867 and 1868, and to make it certain that no actions could be maintained against a city or county to recover upon irregular and void certificates after the time fixed in the act, and to prevent the canceling of such certificates and refunding the money paid therefor to the holders thereof after the time so fixed. We come to this conclusion because the act of 1874 only limits actions founded upon irregular and void certificates against the counties and cities issuing the same, and leaves the acts of 1867 and 1868 in full force as to all other actions that might be brought thereon, and as to the time within which a tax deed may be issued to the holder of such certificates, and because this court had, after the enactment of the statutes of 1867 and 1868, strongly intimated, if not directly held, that the acts of 1867 and 1868 did not limit the time within which actions might be brought against a county upon a void certificate, or within which the county was authorized to cancel certificates issued by it, and refund the money paid therefor to the holder of the certificate. See *Hutchinson v. Supervisors* and *State ex rel. Wolff v. Supervisors, supra.*

The intimation of this court as to the effect of the statutes of 1867 and 1868, in the cases above cited, upon the right to maintain an action against the county, or to compel the refunding of the money to the certificate holder, after the lapse of time mentioned in said statutes, was corrected by this court in the case of *Baker v. Supervisors, supra,* but not until after the enactment of ch. 144, Laws of 1874. The case in which the correction was made was decided in 1876. It must be conceded, therefore, that, at the time the act of 1874 was passed by the legislature, the time within which an action could be maintained against a county to recover the amount paid therefor by the holder, when it appeared that the sale and certificate were void, and also that the

time within which the county board would be authorized to cancel such certificate and refund the money to the holder, and thereupon reassess the amount thereof upon the property originally charged with its payment, was limited to six years after the sale or date of the certificates, except in the cases mentioned in said statutes; and so far as the remedy against the county is concerned, it must also be admitted that the act of 1874 extended that time three years by making the six-years' limitation commence from the time when the deed becomes due upon the certificate, instead of from its date.

That the legislature has the power to extend the limitation upon actions in all cases when a former limitation has not expired, is well settled by all the authorities. See *Pleasants v. Rohrer,* 17 Wis. 577; *Smith v. Packard,* 12 Wis. 371; *Winston v. McCormick,* 1 Ind. 8; *Royce v. Hurd,* 24 Vt. 620; *Henry v. Thorpe,* 14 Ala. 103; *Cox v. Davis,* 17 Ala. 714; *Coady v. Reins,* 1 Mont. 424; *Loring v. Alline,* 9 Cush. 68; *Patterson v. Gaines,* 6 How. 550. This proposition is not disputed by the learned counsel for the respondent; but he insists that, because there was no repeal of the acts of limitation of 1867 and 1868, the act of 1874 should be construed to apply only to certificates issued after its passage. The language of the statute is sufficiently broad to include all certificates, as well those already issued as those which might thereafter be issued; besides, it is evident from the first proviso, that it was clearly intended to apply to certificates already issued, otherwise this proviso would be of no effect whatever, and absolutely senseless. If the legislature did not intend the act to apply to tax certificates already issued, why did they say that, notwithstanding this limitation, any such action might be brought within one year after the act should take effect. This proviso could only apply to certificates theretofore issued, and upon which the limitation might expire within one year after the

passage of the act; and in all such cases the action might still be brought within the year.

It is said by the learned counsel for the respondent that such a case could not happen if the statutes of 1867 and 1868 were applicable to the actions limited by the law of 1874. This would be true in most cases. Still there would be a class of cases under the provisos in said acts to which the first proviso in the act of 1874 would apply, viz., when six years had not expired since a certificate owned by a county had been assigned, although more than six years had elapsed since a deed had been due upon such certificate, or in case where an action on such certificate had been stayed by injunction; so that it is not clear that the proviso was absurd, admitting that the acts of 1867 and 1868 had already fixed a six-years' limitation on the action, commencing from the date of the certificate. But if there be an absurdity in the provision, it would still be clear evidence of the intent of the legislature to make the act applicable to certificates issued before the act of 1874 took effect. The fact that there was no express repeal of the acts of 1867 and 1868 is accounted for by the fact that the act of 1874 does not pretend to cover the whole ground covered by the acts of 1867 and 1868. We must hold, therefore, that the statute of 1874 applied to the tax certificate canceled by the county board in this case, and as six years had not elapsed after the deed was due upon such certificate at the time the same was canceled, the right of the county board to cancel it, and the right of the holder to have the same canceled and his money refunded, was not barred by any statute of limitation; and not being barred, the county board had the power to reassess the amount of the original tax, or such part thereof as the board should deem just, against the property upon which it was originally charged. See *Kaehler v. Dobberpuhl*, 56 Wis. 480, 495. The power of the county board to make the reassessment being established, under the decisions in the

cases of *Ruggles v. Fond du Lac Co. ante,* p. 205, and *Marco v. Fond du Lac Co. ante,* p. 212, the statute of limitations was a perfect bar to the plaintiff's action in this case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment in favor of the defendants.