GLENN W. GREY, Plaintiff and Appellant *v.* SILVER BOW COUNTY, a body politic, Defendant and Respondent.

No. 11150.

Submitted February 10, 1967.   Decided March 15, 1967.

Rehearing Denied April 24, 1967.

425 P.2d 819.

214

H. L. McChesney (argued), Missoula, for appellant.

Poore, Poore, McKenzie & Roth, Butte, Allen R. McKenzie (argued), Butte, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

This is an appeal by the plaintiff from a summary judgment entered in favor of defendant. The summary judgment dismissed plaintiff's action upon the grounds that it had not been filed within the statute of limitations.

The plaintiff-appellant is Glenn W. Grey and will be referred to as plaintiff. The defendant-respondent is Silver Bow County and will be referred to as defendant.

The plaintiff makes three specifications of error which raise the issue of whether the district court was correct in holding that plaintiff's action was barred by the statute of limitations.

The record before this court reveals the following facts: On August 23, 1961, plaintiff underwent surgery to his left hip at the Silver Bow General Hospital, a hospital owned, operated, and maintained by defendant and situated in Butte, Montana. Plaintiff's surgery was necessitated by a fracture which had occurred in a mine accident in Philipsburg, Montana. Following surgery, a hip length cast was applied to plaintiff's leg. The cast covered the site of the surgery. Plaintiff was discharged from the Silver Bow General Hospital on September 21, 1961. He returned to his home in Philipsburg.

On October 18, 1961, plaintiff sought medical treatment from Dr. Cunningham, a Philipsburg physician, and Dr. Cunningham cut a window in the cast at the site of the surgical intervention.

Dr. Cunningham found an infection which was subsequently diagnosed as staphylococcus infection.

Plaintiff's complaint was filed on October 19, 1964. After pre-trial discovery procedures had been employed by both sides, plaintiff filed an amended complaint on June 9, 1965, which alleged that the infection was introduced into plaintiff's body because proper sterile techniques were not employed by defendant's hospital; that the infection was introduced on August 23, 1961, the day of the surgery; and that the infection was not discovered until October 18, 1961.

In granting the motion for summary judgment made by defendant, the district court found that plaintiff did not know of the infection until October 18, 1961. The district court was of the further opinion that the action could have been filed at any time within three years of plaintiff's discharge from the hospital. However, the action was not so filed but was filed within three years of the date plaintiff discovered the infection. The district court held that it was barred by the statute of limitations.

The plaintiff contends that the statute of limitations should begin to run in this case from the date plaintiff discovered the infection, namely, October 18, 1961, while, on the other hand, defendant contends the statute of limitations should begin to run from the date of the alleged negligence, namely, August 23, 1961.

In substance, plaintiff asks this court to apply the so called "discovery doctrine" to the facts of this case. The "discovery doctrine" has been thoroughly explained, praised, and criticized in opinions of courts of other jurisdictions. In Billings v. Sisters of Mercy of Idaho, 86 Idaho 485, 389 P.2d 224, 232, the Supreme Court of Idaho made a thorough discussion of the "discovery doctrine" and states the doctrine in this manner: "Where a foreign object is negligently left in a patient's body by a surgeon and the patient is in ignorance of the fact, and consequently of his right of action for malpractice, the cause of

·action does not accrue until the patient learns of, or in the exercise of reasonable care and diligence should have learned of the presence of such foreign object in his body.'' The Billings case, supra, was cited with approval in Johnson v. St. Patrick's Hospital, 148 Mont. 125, 417 P.2d 469, a case in which a surgical sponge left in Mr. Johnson's hip was not discovered for nearly seven years.

We recognize that the assertion can be made that there is a distinct factual difference between leaving a sponge in a patient's body by a surgeon and introducing an infection into a patient's body due to a hospital's failure to employ proper sterile techniques during an operation. But we believe this distinction fails to recognize the real similarity between the two acts. That similarity is the fact that the patient does not know of his own condition—be it introducing the infection or leaving the sponge—until some time later when he learns of, or in the exercise of reasonable care and diligence he should have learned of it. Defendant argues that the ''discovery doctrine'' is usually applied only in cases where plaintiff relies on the theory of res ipsa loquitur. Defendant then argues that the instant case will not be a res ipsa loquitur case. This contention may possibly be correct. It is not necessary for us to determine the validity of that contention at this stage of the case. However, the district court file is full of interrogatories and answers made and requested by both sides. Defendant did not object to any question on the ground that the delay had made the information unavailable.

The application of the ''discovery doctrine'' in this case extends the statute of limitations about 57 days (from August 23, 1964, to October 19, 1964) beyond the time it would expire if we were to accept defendant's contention that the statute of limitations begins to run from the date of the alleged negligence.

At least one reason for the statute of limitations is to protect defendant from having to defend against claims that are stale. Likewise, an often expressed criticism of the ''discovery

doctrine'' is that it compels defendant to undertake a defense when witnesses and information have disappeared due to the passage of time. However, we doubt that the defendant in this case could seriously contend that the defense was prejudiced by a 57 day extension of what would be the usual statute of limitations.

The ''discovery doctrine'' as set forth in the Billings case, supra, was analyzed by the United States Court of Appeals, Ninth Circuit, in Owens v. White, 342 F.2d 817, 820, and reasonable limitations were placed on the ''discovery doctrine.'' The Federal court made the following observations: ''Consistent with the prominence given to the policy underlying statutes of limitations in Billings, supra, we believe the Idaho court would temper application of the discovery doctrine by hedging it with equitable considerations. To illustrate, courts in other states that have applied the discovery doctrine to non-foreign object cases have emphasized factors such as the 'continuing relationship' between doctor and patient as a reason for applying the rule. [Citing cases.] This suggests in our estimation, that the discovery doctrine is itself subject to some restraint as the time from the occurrence of the malpractice grows greater. In such circumstances, the considerations of fairness to the defendant underlying statutes of limitation become more insistent, while the plaintiff's appeals to equity implicit in the discovery doctrine become less so. We believe the Idaho courts would apply a concept akin to the equitable doctrine of laches to limit the discovery rule, a rule which itself has its genesis in equity. Thus, the suit of a plaintiff who is reasonably diligent may be barred if the defendant shows undue prejudice because of an extreme lapse of time between the commission of the wrongful act and the commencement of suit. To so conclude strikes us as a reasonable accommodation between the competing considerations noted in Billings of giving full scope to the statute of limitations on the one hand and according a reasonable measure of justice to the plaintiff on the other.''

Keeping in mind the limitations placed upon the ''discovery doctrine'' by the Federal Court in the Owens case, supra, we believe that its application to the facts presented in this appeal will not work a hardship on the defendant. However, this holding should not be construed as an encouragement to future plaintiffs to delay filing of their actions if they can be filed within the usual statute of limitations. The ''discovery doctrine'' has a very narrow field of application and can only be successfully and fairly applied if it retains the flexibility suggested in the Owens case, supra.

Finally, defendant raises the ''question of whether October 19, 1964, is within *three* years of October 18, 1961, in any event.'' As previously noted, the plaintiff's complaint was not filed until October 19, 1964, three years and one day after the discovery of the infection, but October 18, 1964, was a Sunday. However, defendant makes no strenuous objection to plaintiff's position that the complaint was filed in a timely manner. Defendant's brief states, '' (W)e concede his [plaintiff's] position may be correct under Kelly vs. Independent Publishing Co., 45 Mont. 127, 122 P. 735 [38 L.R.A.,N.S., 1160].'' Reference to Rule 6 (a) M.R.Civ.P. supports plaintiff's position. Rule 6(a) reads in part: ''In computing any period of time prescribed * * * by any applicable statute, the day of the act * * * after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a holiday.''

The district court erred in finding that the statute of limitations had run on plaintiff's action.

The judgment appealed from is reversed.

MR. JUSTICES ADAIR, JOHN CONWAY HARRISON and CASTLES, concur.

MR. JUSTICE DOYLE, (specially concurring).

Having dissented in Johnson v. St. Patrick's Hospital, 148 Mont. 125, 417 P.2d 469, and stating my reasons for such dissent, I now concur in this cause by reason of the doctrine of stare decisis.