No. 93-075

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

CAROL LEE COSGRIFFE,

     Plaintiff and Appellant,

  -vs-

RICHARD COSGRIFFE,

     Defendant and Respondent.

**FILED**

NOV 24 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Hon. Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Donald W. Molloy (argued) and Roberta Anner-Hughes
(argued): Molloy Law Offices, Billings, Montana
James D. Huegli, Attorney at Law, Portland, Oregon

    For Respondent:

        Jerome J. Cate (argued); The Cate Law Firm,
Whitefish, Montana

    For Amici Curiae:

        Robert J. **Emmons** (argued) Great Falls, Montana
Jean E. Faure (Montana Trial Lawyers) Great
Falls, Montana
Rosemary Daszkiewicz (Northwest Women's Law
Center) Seattle, Washington
Joan Jonkel, Missoula, Montana
John L. **McKeon,** Anaconda, Montana

                Submitted:  September 16, 1993

                  Decided:  November 24, 1993

Filed:

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, the Honorable Maurice R. Colberg, Jr., presiding, granting respondent Richard Cosgriffe's motion for summary judgment. We reverse.

One issue is before this Court:

Whether § 27-2-216, MCA, the statute of limitations for claims involving childhood sexual abuse, violates the state or federal constitutions because it provides for retroactive application.

In January 1991, at the age of forty-one, the appellant Carol Cosgriffe filed a complaint in District Court pursuant to § 27-2-216, MCA, against respondent, Richard Cosgriffe, her natural father. Her complaint set forth several alleged instances of sexual abuse by respondent which she alleges occurred between the years 1965 and 1967, when she was between the ages of sixteen and nineteen. The appellant alleges that due to respondent's abuse she has sustained severe emotional and physical injuries, including damage to her self esteem, an inability to maintain gainful, continuous employment, drug and alcohol dependency, sexual promiscuity, and an inability to maintain meaningful, long-term relationships. Appellant further alleges that it was only after consulting a psychiatrist and through counseling she discovered her problems were caused by the alleged abuse and that the discovery occurred only a short time prior to the filing of her complaint.

The respondent moved the court for summary judgment on the following grounds:

1.    Section 27-2-216, MCA, violates the due process requirements of the Fourteenth Amendment of the U.S. Constitution.

2.    Section 27-2-216, MCA, violates Article II, Section 17 (Due Process) and Section 31 (ex post facto laws) of the Montana Constitution.

3.    Section 27-2-216(3), MCA, isunconstitutionalbecause it is vague, uncertain and indefinite.

Following a thorough briefing of the matter before the District Court, the court granted respondent's motion for summary judgment.

The legislative history indicates that § 27-2-216, MCA, was enacted in response to this Court's opinion in E.W. v. D.C.K. (1988), 231 Mont. 481, 754 P.2d 817.   In that case, this Court stated:

> While this Court is aware of the horrifying damage inflicted by child molesters, it is not for us to rewrite the statute of limitations to accommodate such claims through judicial fiat. Such task is properly vested in the legislature.

E.W., 754 P.2d at 821.

Section 27-2-216, MCA, enacted in 1989, states in its entirety:

> 27-2-216.   Tort actions -- childhood sexual abuse. (1) An action based on intentional conduct brought by a person for recovery of damages for injury suffered as a result of childhood sexual abuse must be commenced not later than:
>
>     (a)   3 years after the act of childhood sexual abuse that is alleged to have caused the injury: or
>
>     (b)   3 years after the plaintiff discovers or reasonably should have discovered that the injury was caused by the act of childhood sexual abuse.
>
>     (2) It is not necessary for a plaintiff to establish which act, in a series of acts of childhood

3

sexual abuse, caused the injury that is the subject of the suit. The plaintiff may compute the period referred to in subsection (1)(a) from the date of the last act by the same perpetrator.

(3) As used in this section, "childhood sexual abuse" means any act committed against a plaintiff who was less than 18 years of age at the time the act occurred and that would have been a violation of 45-5-502, 45-5-503, 45-5-504, 45-5-505, 45-5-507, 45-5-625, or prior similar laws in effect at the time the act occurred.

(4) The provisions of 27-2-401 apply to this section.

Turning our attention to the due process argument, respondent argues that § 27-2-216, MCA, as passed by the legislature, improperly revives a claim after that claim is barred by the conventional tort statute of limitations. In substance his argument is that the retroactive application of the newly adopted statute of limitations denies his federal and state constitutional rights. We disagree.

The real question is whether the legislature has the power to do what it did. Legislation repealing or extending the statute of limitations, with the effect of reviving claims previously barred, has consistently been upheld by the courts against due process objections.

These cases take the view, which we believe is the better view, that such legislation does not take away any defenses which would have been a vested right in the defendant in the case. The respondent in this case still has the affirmative defense that his daughter knew or should have known within the statutory period that her injuries were caused by the act of childhood sexual abuse.

4

This is a fact question a jury must decide later; not one to be decided by this Court. See Chase Security Corp. v. Donaldson (1945), 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628; see Sum & Substance of Constitutional Law, 4th Ed. Van Alstyne, Karst and Gerard (1986). Substantive due process arguments advanced by the respondent fail when the question is examined under the applicable restraints:

> [T]he restraints on legislation imposed by substantive due process as a source of constitutional protection for interests not specifically identified by explicit constitutional language could be summarized in a three-part formula: the legislation must: (a) seek to achieve a legitimate governmental purpose; (b) use means that are rationally related thereto: and (c) be neither arbitrary nor unreasonable in its effects.

Sum & Substance of Constitutional Law, at 25%. Here, the respondent father concedes the legitimate governmental purpose of the legislation and that the means used are rationally related.

The District Court in granting summary judgment held, and the respondent argues, that the retroactive application of the newly adopted childhood sexual abuse statute of limitations places an unreasonable hardship and oppression on the respondent and that the statute, § 27-2-216(1)(b), MCA, basically destroys any limitations of actions and is unreasonable. This argument was very ably addressed by the Minnesota Court of Appeals. That court addressed the retroactive application of a statute which provides for sexual abuse claims and concluded:

> Respondents' arguments are without merit. Indeed, section 541.073 embraces a discovery rule, which, as respondents assert, may toll the start of the statute of limitations period for a long time after the abuse incident. Nonetheless, the statute plainly reflects

5

> awareness of the difficulty sexual abuse victims have in identifying and recognizing their injuries immediately. Research shows victims of sexual abuse may repress the memory of such incidents, and not discover the actual source of their problems for many years. [Footnote omitted.] In acknowledging this problem, the legislature, by enacting section 541.073, limits the possibility of the general statute of limitation barring a claim for sexual abuse, and holds the sexual abuser liable for his offenses. Because we are not in a position to judge the wisdom of the legislature, where, as here, the statute has a reasonable relation to the state's legitimate purpose of affording sexual abuse victims a remedy, we reject respondents' due process claims.

K.E. v. Hoffman (Minn. App. 1990), 452 N.W.2d 509, 513-14.

Respondent's argument, based on the Fourteenth Amendment prohibition of retroactive legislation when it divests any private vested interest, is inapplicable, as the respondent has no "vested" interest under these facts. The respondent argues that the running of the previously-applicable statute of limitations vests him with a right to be free from the appellant's claim after the expiration of the conventional statute of limitations.

Montana follows Campbell v. Holt (1885), 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483, in regard to due process and the retroactive application of statutes of limitation. This Court cited and explicitly adopted the majority holding of Campbell in Guiterman v. Wishon (1898), 21 Mont. 458, 461, 54 P. 566, 567, where the Court held:

> Statutes of limitation, being somewhat arbitrary in their nature, and founded in public needs and public policy, may shorten the periods in which actions shall be commenced, or may extend them, and yet not disturb vested rights, or rights of property. Such is the established rule of the federal courts since Campbell v. Holt, supra, decided long subsequent to Gillette v. Hibbard, supra, and upon this theory the codes of this state were

6

adopted.

We determine that Montana due process is not violated by the retroactive application of the statute here in question. The propriety of the actions of the state legislature in addressing a public need and a present public policy is not to be examined by this Court where we have previously stated that the statute has a reasonable relation to the legitimate purpose of the State.

The appellant, in arguing that § 27-2-216, MCA, was constitutional, notes that it is up to this Court to determine the statute's scope by determining the legislature's power, intentions and application of the statute, noting that the legislature's intent is to be followed if at all possible. Section 1-2-102, MCA. Further, whenever common law and statutes conflict, the statute will take precedence. Section 1-1-108, MCA.

The legislature has specific powers to extend the statute of limitations. Western Holding Co. v. Northwestern Land and Loan Co. (1941), 113 Mont. 24, 120 P.2d 557. This Court, in Penrod v. Hoskinson, M.D. (1976), 170 Mont. 277, 552 P.2d 325, indicated that the legislature could extend the statute of limitations and apply it retroactively to reverse barred claims. "'[O]ur Constitution does not forbid the enactment of retrospective laws generally . . .'" Penrod, 552 P.2d at 327; quoting Dunham v. Southside National Bank of Missoula (1976), 169 Mont. 466, 548 P.2d 1383. There are no constitutional or statutory obstacles to legislative enactments of statutes relating to remedies that are retroactive in operation.

7

The trial court held the statute to be unconstitutional, as it did not meet Montana's constitutional right to due process. In so holding, it failed to concede that E.W. was decided before the enactment of § 27-2-216, MCA. In finding the statute unconstitutional, the trial court incorrectly relied on Coady v. Reins (1872), 1 Mont. 424, for the proposition that the expiration of the statute of limitations is a vested right and that the respondent had a right to rely on it.

This Court in its 1872 ruling in Coady, held that "[t]he statute, then, that must determine the right of the plaintiff to bring this action, is the one in force when the same was brought." Coady, 1 Mont. at 429. Some 84 years later, this Court, for all intents and purposes, reversed Coady in our holding in Johnson v. St. Patrick's Hospital (1966), 148 Mont. 125, 417 P.2d 469. In Johnson, we criticized Coady, impliedly overruled it and noted that in 84 years the holding was never cited and that on the facts it was clearly distinguishable from Johnson. This Court, in Grey v. Silver Bow County (1967), 149 Mont. 213, 425 P.2d 819, cited the Johnson case, and upheld the discovery rule in a medical malpractice case. So that there is no question on what Johnson held, we clarify the record and conclude that Johnson overruled the Coady decision.

We find no merit in respondent's argument that the statute is unconstitutional on its face. Section 27-2-216, MCA, is presumed constitutional. See Montana Milk Control Board v. Rehberg (1962), 141 Mont. 149, 376 P.2d 508. Respondent must prove the

8

unconstitutionality "beyond a reasonable doubt." Here, respondent has failed to meet that burden.

We hold that the plain language of § 27-2-216(1)(b), MCA, expressly allows the appellant to bring claims for childhood sexual abuse within three years of discovering that the injuries were allegedly caused by the abuse. The statute clearly overturns the rationale of our holding in E.W. and coincides with this Court's suggestion that the legislature is the proper body to change the law. The plain meaning of the statute cannot lead to an interpretation that the respondent suggests, which is the appellant's action accrued upon her awareness of the injury and there is no requirement of discovery of the cause of the injury.

Courts throughout the country have applied the discovery rule to cases where plaintiffs were aware of the sexual assaults at or before the age of majority, but were unaware of the causal connection between the abuse and the physical and psychological problems they encountered. Annotation, Running of Limitations Against Action for Civil Damages for Sexual Abuse of Child, 9 A.L.R. 5th 321, 343-47 (1993). In so holding, these courts have structured a broad interpretation of the discovery rule, which tolls the running of the statute until there is: 1) a discovery of the injury; and 2) a discovery of the cause of the injury. See Annotation, Running of Limitations Against Action for Civil Damages for Sexual Abuse of Child, 9 A.L.R. 5th 321, 343-47 (1993).

We note that the discovery doctrine relied on in E.W. predated the legislative enactment of the statute of limitation of § 27-2-

216, MCA, which extends the statute of limitation until "3 years after the plaintiff discovers or reasonably should have discovered that the injury was caused by the act of sexual abuse." Here, there is a genuine issue of material fact as to when the appellant knew or should have known of her injury and its cause.

We reverse the District Court's ruling of summary judgment and remand the case for trial.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

10