JUSTICE McKINNON,
dissenting.
¶51 I would affirm the judgment of the District Court concluding that the Johnstons’ claims are time-barred as a matter of law. In my view, the undisputed facts establish that the Johnstons were actually aware, or reasonably should have been aware, by 2005-if not 2002-of the wrongful act that resulted in their injuries. I believe this Court, in its Opinion today, has rendered the statutory period of limitations provided by the Legislature meaningless. I do not believe it is the function of this Court to selectively resurrect stale claims when the plaintiffs here actually knew of the alleged wrongful act and concomitant injuries as early as 2002.
¶52 The Legislature has determined that the statutory period for bringing an action in negligence and breach of warranty is three years. Section 27-2-204(1), MCA. Claims for violations of the Unfair Trade Practices Act have a two-year statute of limitations. Section 27-2-211(1)(c), MCA; Osterman v. Sears, Roebuck & Co., 2003 MT 327, ¶ 24, 318 Mont. 342, 80 P.3d 435. “The fact that a person entitled to an action has no knowledge of his right to sue, or of the facts out of which his right arises, does not, as a general rule, prevent the running of the statute, or postpone the commencement of the period of limitation, until he discovers the facts or learns of his right thereunder.” E.W. v. D.C.H., 231 Mont. 481, 484-85, 754 P.2d 817, 819 (1988) (internal quotation marks omitted) (citing Kerrigan v. O’Meara, 71 Mont. 1, 227 P. 819 (1924), Carlson v. Ray Geophysical Div., 156 Mont. 450, 481 P.2d 327 (1971), and Bennett v. Dow Chem. Co., 220 Mont. 117, 713 P.2d 992 (1986)). “Only the vigilant are viewed favorably under the law.” E. W., 231 Mont. at 485, 754 P.2d at 819; see also § 1-3-218, MCA (“The law helps the vigilant before those who sleep on their rights.”). ¶53 We have previously recognized that “[t]he policy underlying the bar imposed by statutes of limitations is, at its roots, one of basic fairness. Our system of jurisprudence is designed to achieve substantial justice through application of the law after the parties have had an opportunity to fully present both sides of a controversy.” E. W., 231 Mont. at 484, 754 P.2d at 819. The ability to adequately prepare and present an effective defense necessarily depends on the recovery and presentation of evidence. Thus, “ ‘[statutes of limitations are regarded as statutes of repose governing the period within which *548 actions must be brought and are designed to compel the exercise of a right of action within a reasonable time, while the evidence remains fresh in the memory of the witnesses.’ ” E.W., 231 Mont. at 484, 754 P.2d at 818-19 (quoting Monroe v. Harper, 164 Mont. 23, 26, 518 P.2d 788, 790 (1974)).
¶54 This Court has recognized, however, that some types of injuries preclude a strict application of the statutory bar. In particular, the statutory bar will not be applied to prevent the bringing of an action when the injury is self-concealing. This principle is codified in the discovery rule, § 27-2-102(3), MCA. We first applied the discovery rule in a medical negligence action where the injury was self-concealing. Johnson v. St. Patrick’s Hosp., 148 Mont. 125, 417 P.2d 469 (1966). We have since extended the discovery rule to other situations where the injury is not readily apparent. See Grey v. Silver Bow County, 149 Mont. 213, 425 P.2d 819 (1967). We have never extended the discovery rule, however, to situations where the plaintiff was aware, or in the exercise of due diligence should have been aware, of the injury. The central premise of the discovery rule is that “the plaintiff was unaware, and could not reasonably have been aware, of the wrongful act which later resulted in his or her injury until after the statute of limitations had run.” E.W., 231 Mont. at 486, 754 P.2d at 820.
¶55 Significantly, it is not necessary for the plaintiff to know the total extent of damages that an act causes in order to begin the running of the statutory bar. Moreover, the failure to understand the causal relationship between the wrongful conduct and the injury does not serve to toll the statutory bar. E. W., 231 Mont. at 487, 754 P.2d at 820. “The law does not contemplate such discovery as would give complete knowledge before the cause of action accrues.” N. W., 231 Mont. at 487, 754 P.2d at 820 (citing Mobley v. Hall, 202 Mont. 227, 657 P.2d 604 (1983)). To apply the discovery rule to toll the statutory bar beyond discovery of the cause of an injury would have the effect of postponing the statutory period indefinitely and denying defendants the protections of a statute of limitations.
¶56 In October or November 2002, the Leonards observed that their wood floors had begun to heave and rise, and they discovered extensive mold underneath the flooring. The Leonards communicated these problems to the Johnstons. Additionally, they noted that the stairs had not been installed according to building code and that the corner of the office wall was splitting apart. They determined that the cause of these injuries was the faulty construction of their home by Centennial. This is evidenced by the fact that the Johnstons suggested hiring counsel, Peter Leander, to notify Centennial of the problems with the home, to *549 demand repair or compensation, and “to instill into Centennial that we mean business.” Despite the Johnstons’ characterization of these injuries as “minor,” Centennial paid $6,000.00 and agreed to extinguish $59,704.13 still owing from the Leonards and the Johnstons on the construction contract. In return, the Leonards executed a release on April 10, 2003, for the benefit of Centennial and its subcontractors which covered “all claims for defective construction or warranty arising out of the construction” of their log home. Finally, in 2004 and 2005, the Johnstons hired a building contractor, Innovative Builders, to conduct extensive repairs to stairs, decks, and problems with settling of the logs. The Johnstons paid Innovative Builders approximately $50,000.00 to make the repairs.
¶57 Deposition testimony from the Leonards and the Johnstons established that the repair work performed in 2004 and 2005 by Innovative Builders was for structural damage. Sandy Leonard testified in her deposition that Innovative Builders “redid the stairs and ... adjusted] the doors.” Innovative Builders also repaired the outside decks and “some of the foundation in front of the house [that] was starting to crack.” Moreover, Innovative Builders “fixed gaps in the doors” which had developed because Centennial “didn’t leave room for the house to slide.” Sandy explained that, due to this defect, “the house was falling on top of each other and pushing the doors out” and also “pushing the wall out.” Innovative Builders had to “go in and cut out places for the house to move on top of each other.” Sandy indicated that the work was for structural repair and was separate from the mold problem. Sandy was asked the following by Centennial’s counsel during the deposition:
Q. So prior to your leaving in 2005 you were starting to experience some problems with the home, windows, difficulty closing, doors not shutting, logs starting to move and some of the railings becoming loose; is that correct?
A. Correct.
¶58 The Johnstons’ position that they did not know the cause of their injuries until 2008 is particularly untenable, as noted by the District Court, in light of email correspondence with their new counsel, Charles Lewis, in June 2008. Lewis revised a letter written on behalf of Elvira Johnston to Centennial. In his email to Greg Johnston attaching the redrafted letter, Lewis explained: “I don’t want to refer to the earlier problems or the fact that the structural problems have existed for some time. This will lead to a statute of limitations defense.”
¶59 In light of these undisputed facts establishing that the Johnstons actually knew of the cause of their injuries as early as 2002,1 cannot *550 conclude that there is any genuine factual dispute concerning application of the discovery rule sufficient to submit the issue to a jury. Our legal precedent is clear that it is not necessary for the Johnstons to have known the full extent of their damages or the causal relationship between Centennial’s alleged wrongful acts and their injuries. Any failure of the Johnstons to understand their legal rights is likewise insufficient to toll the statute of limitations. E.W., 231 Mont. at 487, 754 P.2d at 820.
¶60 The Court today submits for decision by a jury, Opinion, ¶ 36, an issue that ought to be decided as a matter of law based on clear and undisputed facts. In doing so, we have failed to follow the directives of a statute and the policy behind it-that is, the suppression of stale claims which, due to the passage of time, inhibit a party’s ability to mount an effective defense. We have elevated what we apparently believe is these particular plaintiffs’ entitlement to bring an action over a legislative directive designed to require all plaintiffs to be vigilant in their pursuit of a remedy.
¶61 I therefore would affirm the District Court in its decision that the Johnstons’ claims are time-barred. The undisputed facts establish that the Johnstons either did discover, or in the exercise of due diligence should have discovered, the facts underlying their claims by, at the latest, 2005. The Johnstons were required to file their Unfair Trade Practices Act claim no later than 2007 and their negligence and breach of warranty claims no later than 2008. As the Johnstons did not file their suit until 2009, their claims are barred by the statute of limitations.
¶62 Given that the Johnstons’ action is time-barred, it is not necessary to address any remaining issues.
¶63 I dissent.