

FILED

07/29/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0272

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0272

RINDO R. SIRONI, M.D. and ST. JAMES
HEALTHCARE

Petitioners,

v.

MONTANA SECOND JUDICIAL DISTRICT
COURT, SILVER BOW COUNTY,
HONORABLE KURT KRUEGER, Presiding
Judge,

Respondents.

FILED

JUL 28 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioners Rindo R. Sironi and St. James Healthcare seek a writ of supervisory control over the Second Judicial District Court in Butte-Silver Bow County Cause No. DV-16-262, *Lori L. Hamner v. St. James Healthcare, Rindo R. Sironi, M.D., and James Bradley, CRNA*.

This controversy arises out of a medical malpractice claim and application of § 27-2-205, MCA, enacted April 29, 2015, as part of the Montana Health and Economic Livelihood Partnership Act (Act) which shortened the limitations period for medical malpractice actions from three years to two years. On April 8, 2020, the District Court denied Petitioners' Motion to Dismiss for Insufficient Service of Process and Expiration of Statute of Limitations. Petitioners assert the District Court's order raises issues of statewide importance regarding the appropriate timeline for accomplishing service of process on defendants in medical malpractice cases in which the alleged injury occurred or was discovered prior to April 29, 2015. Petitioners assert that because of the due process concerns surrounding the time in which a defendant may be served with a lawsuit, the normal appeal process is inadequate to address this issue. Petitioners assert the question is purely legal and will clarify when medical malpractice defendants in Montana may

appropriately be served with lawsuits for injuries occurring or discovered prior to April 29, 2015.

Plaintiff Lori Hamner responds that, in the over five years since the enactment of the Act, this case is likely the only case involving this issue and that Petitioners have only identified one other case where this issue may arise such that Petitioners have failed to show the necessary urgency required for supervisory control. Plaintiff further asserts this case is going through normal litigation just like any other and will not negatively impact Petitioners' due process rights to a shorter service of process rule because Petitioners do not possess any right in having a shorter service of process rule govern this medical malpractice claim. *See Cosgriffe v. Cosgriffe*, 262 Mont. 175, 181, 864 P.2d 776, 780 (1993).

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016). "[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980).

Here, we agree with Plaintiff. Petitioners have failed to show the criteria required under M. R. App. P. 14(3) to support supervisory control. Petitioners are able to seek review of the ruling with which they take issue on appeal and Petitioners have failed to show why relief, if any, obtained via appeal would be inadequate.

2

We have determined that Petitioners have failed to demonstrate that the normal appeal process is inadequate in this instance and have offered no compelling argument as to why this Court should assume supervisory control in this matter.

IT IS THEREFORE ORDERED that Petitioners' Petition for a Writ of Supervisory Control is DENIED.

The Clerk is directed to send a copy of this Order to all counsel of record in Silver Bow County Cause No. DV 16-262, and to the Hon. Kurt Krueger, presiding District Court Judge.

DATED this **28** day of July, 2020.

Chief Justice

Justices

3